NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAY HYMAS, DBA Dosmen Farms, | No. 18-35488 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-05091-SMJ |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR; RYAN K. ZINKE, Secretary of the United States Department of the Interior; JAMES W. KURTH, Acting Director of the United States Fish and Wildlife Service; DOES, 1-10, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted December 9, 2019
Seattle, Washington

Before: GRABER, BERZON, and HIGGINSON,[**] Circuit Judges.

Jay Hymas appeals a final order dismissing his suit against the U.S.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Department of Interior, its Secretary, and the Acting Director of the Fish and Wildlife Service. Hymas complains that the Fish and Wildlife Service improperly favored incumbent farmers when awarding cooperative farming agreements[1] upon which he bid. He seeks declaratory and injunctive relief, as well as bid preparation costs. The district court found that a policy issued by the Fish and Wildlife Service in 2017 rendered Hymas's Administrative Procedure Act claim moot and that an opportunity for Hymas to bid on cooperative farming agreements following a decision by the United States Court of Federal Claims rendered his claim for bid preparation costs moot. We disagree.

A case becomes moot when it no longer presents a live issue, the parties lack a legally cognizable interest in the outcome, or the challenged conduct is so altered that it now presents a substantially different controversy. *Am. Diabetes Ass'n v. U.S. Dep't of the Army*, 938 F.3d 1147, 1152 (9th Cir. 2019). "[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528

---

[1] The 2017 policy, discussed below, refers to these agreements as cooperative agricultural agreements, and the agreements awarded in 2015 are procurement contracts. For consistency, this decision refers to all of the past and future agreements as cooperative farming agreements.

U.S. 167, 190 (2000)). Defendants have failed to meet this burden.

The Fish and Wildlife Service remains free to amend or revoke its new policy at any time. *Bell v. City of Boise*, 709 F.3d 890, 899–901 (9th Cir. 2013). Moreover, it has not repudiated its previous practice of prioritizing incumbent farmers when awarding cooperative farming agreements. The contents of the new policy allow it to engage in that same practice while the policy is in place. *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 662 (1993); *Forest Guardians v. Johanns*, 450 F.3d 455, 462 (9th Cir. 2006); *cf. Rosebrock v. Mathis*, 745 F.3d 963, 972 (9th Cir. 2014). Under the new policy, the Fish and Wildlife Service has discretion to adopt objective criteria to assess bids for each cooperative farming opportunity posted. The policy contains a non-exhaustive list of objective criteria, the first of which favors incumbent farmers. And nothing in the new policy requires that more than one criterion be adopted for a particular project. Therefore, the new policy has not resulted in a substantially different controversy. *Cf. Am. Diabetes Ass'n*, 938 F.3d at 1152. The controversy was, and still is, whether or not it is permissible to favor incumbent farmers when awarding cooperative farming agreements.

Defendants' arguments regarding the claim for bid preparation costs concern the merits, and hence are best considered by the district court on remand.

REVERSED AND REMANDED.

3